**Electronically Filed
Intermediate Court of Appeals
30476
09-OCT-2012
09:07 AM**

NO. 30476

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


In the Matter of Attorney's Fees Pertaining to
LIONEL D. MEYER, Appellee,
in the case of
TYRONE L. THORN, Claimant-Appellant,
v.
SURE SAVE SUPER MARKET, Employer-Appellee,
and
ISLAND INSURANCE COMPANY, Insurance Carrier-Appellee


APPEAL FROM THE LABOR AND
INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-546(H) (1-06-01073))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

In this secondary appeal from a workers' compensation administrative proceeding, Tyrone L. Thorn (Thorn) appeals from the March 31, 2010 Decision and Order (D&O) by the Labor and Industrial Relations Appeals Board (LIRAB). The D&O affirmed the October 26, 2009 "Approval of Attorney's Fees" (Decision) by Director of the Department of Labor and Industrial Relations' (Director). The Decision approved the "Request for Approval of Attorney's Fee" dated October 6, 2009 (Request) by Thorn's former attorney, Lionel D. Meyer for attorney's fees and costs in the amount of $6,712.52 as a lien against any award Thorn might

receive in the future for his workers' compensation claim pursuant to Hawaii Revised Statutes (HRS) 386-94 (Supp. 2011)[1].

Meyer initially represented Thorn in this workers' compensation matter. Their attorney-client relationship ended prematurely, and although this matter had not yet concluded, Meyer submitted his Request. On October 26, 2009, the Director issued its Decision approving the Request.

On November 2, 2009, Thorn appealed from the Decision to the LIRAB. On March 31, 2010, LIRAB entered the D&O, which affirmed the Decision approving the Request. Thorn timely filed his appeal to this court.

On appeal, Thorn contends "The [LIRAB] Erred in Holding that [Thorn's] Right to Due Process was not Violated Where [Thorn] was not Properly Served with [Meyer's Request]."

The D&O reads in part:

> 1. The [LIRAB] concludes that [Thorn] was properly served with a copy of [Meyer's Request], and that [Thorn's] right to due process was not violated. As such, the [LIRAB] does not reach the question as to whether the Director should have disapproved [Meyer's] request.
>
> Administrative Rule § 12-10-69(a) provides, in relevant part:
>
>> (a) Within ten calendar days following the filing of a final decision and order or upon the filing of a stipulation and settlement agreement, attorneys seeking approval of fees and costs claims pursuant to section 386-94, HRS, shall file with the department a request for approval of attorney's fees and costs setting forth a detailed breakdown of the time expended and costs incurred in each activity up to and including the date of the decision. The request shall be served on those parties against which the fees and costs claims are to be assessed. Any party objecting to approval of a request may file written objections no later than ten calendar days after service. No request for approval of attorney's fees and costs claims or agreement to pay attorney's fees and costs claims shall be valid until approved by the director. . . . The director shall

---

[1] HRS 386-94 authorizes a workers' compensation adjudicating tribunal to approve the fees of [Thorn's] attorney as a lien against [Thorn's] eventual workers' compensation award.

disapprove requests which are not served
properly or filed timely, except for good cause.

Chapter 10, Title 12 of the Administrative Rules
contains no definition of "service" or "proper service."
The [LIRAB] does not condone use of the Disability
Compensation Division as an intermediary for purposes of
service by the parties. However, given the acrimonious
relationship between [Thorn] and [Meyer] and/or his office,
[Meyer] made arrangements with the Disability Compensation
Division to provide [Thorn] with a box of materials. The
Disability Compensation Divisions apparently agreed to
provide [Thorn] with the box. Given the totality of
circumstances and the situation in this case, such measures
were reasonable.

Although [Thorn] basically argues that [Meyer] did not
serve the Request by mail or hand delivery, and, therefore,
service was improper, [Thorn] had actual receipt of the
Request. The box contained [Meyer's] Request, but [Thorn]
did not look in the box of materials to ascertain its
contents. Such decision by [Thorn] cannot be, and will not
be, held against [Meyer].

"Rules as to service of process, like rules as to
pleadings, should be construed with an eye to fairness
rather than literal construction." (Footnote omitted.) 7 A.
Larson, Larson's Workers' Compensation Law, § 124.05 (2009).

Further, the [LIRAB] notes that Rule § 12-10-69 does
not require an attorney to submit a Request for Approval of
Attorney's Fees until "ten calendar days following the
filing of a final decision and order or upon the filing of a
stipulation and settlement agreement . . . ." Therefore,
even if the [LIRAB] were to set aside the Director's
[Decision], the [LIRAB] would expect that it would only
result in an exercise in futility where [Meyer] could then
resubmit his fees[.]

Although the [LIRAB] does not reach the question as to
whether the Director should have disapproved [Meyer's]
request, the [LIRAB] notes that the Disability Compensation
Division should be able to rely upon the representation of a
licensed attorney, an officer of the court, that service was
made.

ORDER

The Director's approval dated October 6, 2009, is hereby not
set aside in accordance with the foregoing.


Upon careful review of the record and the briefs

submitted by the parties and having given due consideration to

the arguments advanced and the issues raised by the parties, as

well as the relevant statutory and case law, we conclude LIRAB

erred in affirming the Decision approving the Request without

proper service. Placing a request for attorney fees and costs in a box of other documents and having another party deliver the box to the person to be served cannot, under any circumstances, be considered proper service. The purpose of service is to put the recipient of service on notice. There is no evidence that Thorn was put on notice that the Request had been placed in the box and was being served on him.

Therefore,

IT IS HEREBY ORDERED that the March 31, 2010 Decision and Order of the Labor and Industrial Relations Appeals Board is vacated and this case is remanded to LIRAB for consideration of Meyer's motion for attorney fees and costs and any objection Thorn may have to said motion.

DATED: Honolulu, Hawai'i, October 9, 2012.

On the briefs:

Glenn N. Taga
(Park & Taga)
for Claimant-Appellant.

Lionel D. Meyer
for Appellee.

Presiding Judge

Associate Judge

Associate Judge